Robert G. TOMLINSON, etc., et al., Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 73–1109 to 73–1116.

United States Court of Appeals, Ninth Circuit.

Dec. 12, 1974.

---

Stephen B. Hill, Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or. (argued), for appellants.

Grant W. Wiprod (argued), Tax Div., U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

## OPINION

Before BARNES and KOELSCH, Circuit Judges, and CRARY,* District Judge.

PER CURIAM:

Having carefully and thoughtfully reviewed the decision of the Tax Court (58 T.C. 570 (1972)) sustaining the Commissioner's determination of deficiencies in Taxpayers' income taxes, we conclude that the factual findings made by the Tax Court are supported by substantial evidence and that the principles of law it applied to those facts were pertinent and correct, and that its decision should be affirmed.

Our comments will be brief. The facts, detailed in the Tax Court opinion, will not be repeated. Suffice to say that the dispute centers upon Taxpayers' tax treatment of certain property comprising part of two separate insurance brokerage firms that they purchased—the one a partnership known as Schmeer Insurance Agency, and the other a corporation known as Schmeer Insurance Agency, Inc.

---

* The Honorable E. Avery Crary, United States District Judge for the Central District of California, sitting by designation.

## I. *The Schmeer Partnership Asset*

■■ Although Taxpayers do not renew their contention, unsuccessfully urged in the Tax Court, that they are entitled to a depreciation deduction under 26 U.S.C. § 167 for "insurance expirations"[1] belonging to the partnership, we nevertheless note that the basis for the ruling was the Tax Court's supported finding that the expirations were indivisible from and constituted part of the partnership goodwill.[2]

■ Taxpayers' alternative contention (again urged on this review) that they are entitled to a loss deduction for said expirations under 26 U.S.C. § 165 upon the failure of policyholders to renew coverage is no doubt wholly foreclosed by that finding: if a single asset is comprised of components indivisible from the mass' goodwill, then, of course, none of the components can be subject of separate consideration. Boe v. Commissioner, 307 F.2d 339, 343 (9th Cir. 1962). However, even assuming that the nonrenewal of a particular policy account may be individually treated, we agree with the Tax Court that Taxpayers failed to establish a cost basis for calculating the loss attending the non-renewal. Granting that the industry-wide formula for placing a commercial value upon expirations in connection with a sale en masse—by multiplying the average annual commission for all policies for the past three years by one and one-half—may reflect a reasonably accurate value of the whole, we entertain grave doubt that it is valid to fix the value of a given policy expiration. Expirations vary too widely from each other, we think, both in quality and certainty of renewal, to permit the formula's indiscriminate application to a particular expiration.

## II. *The Schmeer Corporate Asset*

■ We have stated earlier that the Tax Court's findings, in our opinion, are wholly supported by the evidence. That observation extends to the factual determination that the "loss experience records"[3] of the Schmeer corporation, when considered in proper milieu, did not constitute depreciable, intangible assets under § 167, but, instead, comprised part, if not all, of that corporation's goodwill (and hence were non-depreciable).[4] In our view, the conclusion is manifest that the motivating factor underlying Taxpayers' purchase of the Schmeer corporation was not the acquisition of the loss experience records as such, but the assurance of the bank's continuing consumer loan insurance business. Without the records, Taxpayers could not secure that business; with these records, the bank's business, and its continuation, was and is assured.

■ Moreover, the records were not depreciable, even if they did not constitute goodwill; their life is not "for only a limited period, the length of which can be estimated from experience with reasonable certainty."[5] They are not a

---

1. "Insurance expirations" are the files of an insurance agency indicating a policyholder's insurance coverage, types of policies, and the beginning and termination dates of the present policies in force.

2. Goodwill of a going concern constitutes an intangible capital asset that does not support a claim for a § 167 depreciation deduction. Treas.Reg. § 1.167(a)–3. *See* Commissioner of Internal Revenue v. Seaboard Finance Co., 367 F.2d 646 (9th Cir. 1966).

3. The "loss experience records" are comprised of the data, tabulated on a yearly basis, indicating the amounts of losses paid off on the policies written by the agency.

4. *See* n. 2 *supra*.

5. Quoted from Treas.Reg. 45, Art. 163, issued under the Revenue Act of 1918. The Regulation provided in full:

    "Art. 163. *Depreciation of intangible property.*—Intangibles, the use of which in the trade or business is definitely limited in duration, may be the subject of a depreciation allowance. Examples are patents and copyrights, licenses and franchises. Intangibles, the use of which in the business or trade is not so limited, will not usually be a proper subject of such an allowance. If, however, an intangible asset acquired through capital outlay is known from experience to be of value in the business for only a limited period, the length of which can be estimated from experience with rea-

"wasting" asset. So long as the business relationship continues between Taxpayers and the bank—and there is no hint of its termination—the data on losses experienced on new policies written will constantly replace out-of-date loss information derived from old policies, thereby keeping the records continually current and the value of the asset undiminished.

Affirmed.

sonable certainty, such intangible may be the subject of a depreciation allowance . . . ." The Regulation has remained substantially unchanged through successive enactments of the Internal Revenue Code, and the applicable Regulation under the 1954 Code substantially tracks its language. See Treas.Reg. § 1.167(a)–3.